UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| BYRON BELLAR, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 13-167-HRW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL SEPANEK, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Byron Bellar is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Bellar has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] challenging his recent federal conviction. Bellar has paid the $5.00 filing fee. [D. E. No. 1-2, p. 2][1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241

---

[1] Bellar has filed a motion to proceed *in forma pauperis* [D. E. No. 2], but because he has paid the $5.00 filing fee, that motion will be overruled as moot.

petitions under Rule 1(b)). The Court evaluates Bellar' petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Bellar can not obtain relief under § 2241.

## BACKGROUND

On March 5, 2013, a federal jury in Indiana convicted Bellar of two counts of passing a fictitious obligation in violation of 28 U.S.C. § 514(a) (2).[2] *United States v. Bellar*, No 1:12-CR-148-SEB-DKL-1 (S. D. Ind. 2012) [D. E. No. 48, therein] On July 15, 2013, the district court sentenced Bellar to a 12-month and one-day prison term. [D. E. No. 82, therein][3] Bellar does not allege that he either appealed his conviction and sentence to the Seventh Circuit Court of Appeals or filed a motion in

---

[2]

18 U.S.C. § 514(a)(2) makes it a crime for someone, with intent to defraud, to "pass[ ] ... any false or fictitious instrument, document, or other item ... purporting ... to be an actual security or financial instrument issued under the authority of the United States. The statute also outlaws fraudulently passing such an instrument where it purports to be issued under the authority of "a foreign government, a State or other political subdivision of the United States, or an organization." 18 U.S.C. § 514(a)(3).

[3]

The Criminal Judgment was entered of record on July 15, 2013, but the Judgment itself states that the "Date of Imposition" was July 3, 2013. [D. E. No. 82, p. 1, therein]

2

the district court to vacate his sentence under 28 U.S.C. § 2255. It does not appear from the district court's docket sheet that Bellar took either of these actions.

In his § 2241 petition, Bellar challenges his federal conviction, alleging that the federal statute under which he was convicted (28 U.S.C. § 514) was not "...properly enacted by the U.S. Congress and the Government has failed to prove such enactment." [D. E. No. 1, p. 3] Bellar argues that because 28 U.S.C. § 514 was not properly enacted, it did not carry force of law, and that the indictment under which he was charged was therefore constitutionally defective.

Bellar further alleges that he proceeded *pro se* in his criminal proceeding, and that the district court improperly overruled or "ignored" various documents which he filed on his own behalf; failed to advise or inform him of his due process rights; and failed to advise him or his right to "standby counsel." [D. E. No. 1, p. 4] Bellar then alleges that his "standby counsel" failed to inform him of his various due process rights and failed to take proper steps to have the charges against him dismissed.

Construing the § 2241 petition broadly, Bellar is alleging that during his recent federal criminal proceeding, he was denied of his right to due process of law guaranteed under the Fifth Amendment of the U.S. Constitution, and his right to effective assistance of counsel guaranteed by the Sixth Amendment of the U.S. Constitution.

3

## DISCUSSION

As a general rule, a petitioner challenging the legality of his conviction or sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Hayman*, 342 U.S. 205, 223 (1952); *Charles*, 180 F.3d at 755-56.

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).

Bellar has not established, and can not establish, that as to any of his Fifth and Sixth Amendment claims, his remedy under § 2255 remedy was inadequate or

4

ineffective to challenge his federal detention. This is because Bellar has not filed a motion under § 2255 challenging his conviction in the district court where he was sentenced. All of the Fifth and Sixth Amendment claims which Bellar asserts in his § 2241 petition are claims which he could assert in a § 2255 motion.

Simply put, Bellar must pursue his remedy under §2255 before he can seek the extraordinary relief under § 2241. Bellar is advised that he has one (1) year in which to file a § 2255 motion in the district court where he was convicted and sentenced, and that the 1-year limitation periods runs from the latest of:

> (1) **the date on which the judgment of conviction becomes final**;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to casesBon collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

Assuming that § 2255(f)(1) is the only subsection that applies to Bellar, and further assuming that because Bellar did not appeal his conviction, it became final on

July 3, 2013, Bellar would need to file a § 2255 motion attacking his conviction and sentence in the United States District Court for the Southern District of Indiana **on or before July 2, 2014**, and assert therein the various Fifth and Sixth Amendment claims he raises in his current § 2244 petition. Only after Bellar exhausts that avenue of relief may he petition a district court for the extraordinary relief under § 2241. Bellar's § 2241 petition will be denied as premature.

## CONCLUSION

Accordingly, the Court being advised, **IT IS SO ORDERED**:

(1) Petitioner Byron Bellar's motion to proceed *in forma pauperis* [D. E. No. 2] is **OVERRULED** as **MOOT**;

(2) Bellar's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. No. 1] is **DENIED** as **PREMATURE**;

(3) If Bellar wishes to pursue the Fifth and Sixth Amendment claims he raises in his current § 2241 petition, he must to file a § 2255 motion attacking his conviction and sentence in the United States District Court for the Southern District of Indiana on or before **July 2, 2014**;

(4) This action is **DISMISSED WITHOUT PREJUDICE** to Bellar's right to assert his claims in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 2255; and

(5) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This January 15, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge